# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Mylinh M. Crane, ) | |
| ) | |
| Plaintiff, ) | C.A. No.: 4:14-cv-01651-PMD-KDW |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Starwood Hotels & Resorts Worldwide, ) | |
| Inc.; Starwood Vacation Ownership, Inc.; ) | |
| Starwood Hotels & Resort Management ) | |
| Company, Inc.; SVO Myrtle Beach, LLC; ) | |
| and SVO MB Management, Inc., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (ECF No. 41), recommending that this Court grant Defendants Starwood Hotels & Resorts Worldwide, Inc.; Starwood Vacation Ownership, Inc.; Starwood Hotels & Resort Management Company, Inc.; SVO Myrtle Beach, LLC; and SVO MB Management, Inc.'s (collectively "Defendants") Motions to Dismiss (ECF Nos. 9, 14). Plaintiff Mylinh M. Crane ("Plaintiff") filed Objections to the R&R (ECF No. 43).[1] Having reviewed the entire record, including Plaintiff's Objections, the Court finds that the Magistrate Judge fairly and accurately summarized the relevant facts and applied the correct principles of law. Accordingly, the Court hereby adopts the Magistrate Judge's thorough and well-reasoned R&R and fully incorporates it into this Order.

---

1. Plaintiff filed her Objections on December 19, 2014, seventeen days after service of the R&R. Although Plaintiff failed to comply with the fourteen-day filing requirement of 28 U.S.C. § 636(b)(1) and Rule 72(B)(2) of the Federal Rules of Civil Procedure, the docket text accompanying the R&R indicated that objections were due by December 19, 2014. Accordingly, the Court will consider the Plaintiff's otherwise untimely Objections.

## BACKGROUND[2]

This employment-discrimination action arises out of Plaintiff's employment at Defendants' Starwood Broadway Plantation in Myrtle Beach, South Carolina.  Plaintiff, who was hired by Defendants in September 2010 as a sales associate "selling vacation ownership," (Pl.'s Am. Compl. 3, ¶ 11, ECF No. 6), claims that she was discriminated against on the basis of her race and gender.  More specifically, Plaintiff contends that she was the subject of discrimination because she was not promoted to a particular position despite being assured that she would be.

Plaintiff alleges that when a director of sales position became vacant in March 2012, she was named interim director of sales and assured that she would be appointed to the position on a permanent basis after she formally applied.  Plaintiff further alleges that she submitted an application for the position, yet after interviewing seventy-six applicants, Defendants hired a white male from outside of the company to serve as director of sales.  Plaintiff asserts that she "filed a charge of discrimination against Starwood in November of 2013," and that as a "direct result" of filing that charge,[3] "Defendants then set about a course of retaliation and harassment designed to intimidate [P]laintiff and force [her] to resign her employment."  (*Id.* ¶¶ 21–22). Plaintiff avers that on February 4, 2014, "after tolerating the discrimination, harassment, retaliation[,] and disparate treatment . . . Plaintiff was constructively discharged and terminated her employment."  (*Id.* ¶ 25).

---

2.  The Magistrate Judge's R&R set forth in sufficient detail the relevant facts of this case, including citations to the record.  Because "Plaintiff does not disagree with the facts as set out by the [Magistrate Judge]," (Pl.'s Objections 1), and because the Court finds that the Magistrate Judge's factual recitation accurately reflects the record, the Court adopts the Magistrate Judge's proposed findings and summary of the relevant facts for purposes of this Order.  The Court sees no need to repeat the details here and instead gives only a brief overview of the factual and procedural background.

3.  The purported "charge" Plaintiff filed is discussed more fully herein; however, because the Parties do not dispute the timeline set forth by the Magistrate Judge regarding the EEOC record and filings, the Court will not repeat the sequence of events.

On April 24, 2014, Plaintiff filed the instant action against Defendants, alleging employment discrimination due to race and gender pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"); retaliation in violation of Title VII; and state-law claims for promissory estoppel and constructive discharge.  On May 21, 2014, Defendants filed a Motion to Dismiss Plaintiff's Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[4]  Following briefing by the Parties and a hearing on November 21, 2014, the Magistrate Judge issued the R&R on December 2, 2014, recommending that this Court grant Defendants' Motions to Dismiss.  Plaintiff filed her Objections on December 19, 2014, and Defendants filed a Reply on January 8, 2015.  Accordingly, this matter is now ripe for consideration.

## STANDARD OF REVIEW

### I.     Magistrate Judge's R&R

A magistrate judge makes only a recommendation to this Court on dispositive matters heard pursuant to Rule 72(b) of the Federal Rules of Civil Procedure.  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  Parties are allowed to make a written objection to the magistrate judge's proposed findings and recommendations within fourteen days after being served a copy of the recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  This Court is charged with conducting a de novo review of any portion of a recommendation to which a specific objection is registered, and the Court may accept, reject, or modify the

---
4.  Defendants first Motion to Dismiss (ECF No. 9) addressed Plaintiff's initial Complaint; however, on May 7, 2014, Plaintiff filed an Amended Complaint.  Accordingly, on June 2, 2014, Defendants filed a second Motion to Dismiss (ECF No. 14), directed at Plaintiff's Amended Complaint.  In the second Motion to Dismiss, Defendants merely crave reference to the arguments in their initial Motion to Dismiss, explaining that the second Motion to Dismiss was filed to include two parties that were added to the Amended Complaint.  Because both the Parties and the Magistrate Judge effectively treated and analyzed the two motions as a single Motion to Dismiss, this Court will do the same.

3

Magistrate Judge's findings and recommendations in whole or in part. 28 U.S.C. § 636(b)(1). Additionally, the Court may receive additional evidence or recommit the matter to the magistrate judge with instructions. *Id.* A party's failure to object is accepted as an agreement with the conclusions of the magistrate judge. *See Thomas v. Arn*, 474 U.S. 140 (1985). In the absence of a timely filed, specific objection—or as to those portions of the Magistrate Judge's recommendation to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee note). Moreover, in the absence of specific objections to the recommendation, this Court need not provide any explanation for adopting the magistrate judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## II.     Motions to Dismiss[5]

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure examines whether the complaint fails to state facts upon which jurisdiction can be founded. Stated otherwise, a Rule 12(b)(1) motion raises the fundamental question of whether a court has the authority to adjudicate the matter before it. *Figueroa v. Napolitano*, 772 F. Supp. 2d 741, 747 (D.S.C. 2010). Because this Court is a court of limited subject matter jurisdiction, it "must have both a constitutional and statutory grant of authority to exercise jurisdiction over the matter

---

5. Defendants also move to dismiss Plaintiff's promissory estoppel cause of action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. However, Defendants' argument that Plaintiff failed to exhaust her administrative remedies effectively disposes of this state-law cause of action as well. Therefore, the Court will review the instant Motion under Rule 12(b)(1), because a Title VII plaintiff's failure to exhaust her administrative remedies deprives the district court of subject matter jurisdiction over such claims. *See Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300–01 & n.2 (4th Cir. 2009).

4

in question." *Id.* (citing *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385 (4th Cir. 2004)).

The burden of proving subject matter jurisdiction in response to a Rule 12(b)(1) motion to dismiss is on the plaintiff, the party asserting jurisdiction. *See Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). As in the present case, when the Rule 12(b)(1) motion challenge is raised not as to the sufficiency of the jurisdictional allegations in the plaintiff's complaint but to the underlying facts supporting those allegations, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). "Indeed, 'the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)); *see also Clarke v. DynCorp Int'l LLC*, 962 F. Supp. 2d 781, 787 (D. Md. 2013) ("[T]he court may take judicial notice of the existence and contents of EEOC proceedings if necessary to decide issues like exhaustion of administrative remedies, but it may not take judicial notice of the *truth* of matters outside the challenged pleading." (citations omitted)). The court should grant the motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (internal quotation marks and citation omitted).

## **DISCUSSION**

In their Motions to Dismiss, Defendants contend that Plaintiff did not exhaust her administrative remedies as to her Title VII claims because she did not file a perfected, verified

"Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") using the EEOC's Form 5 or any document containing a verified signature. In opposing Defendants' Motions to Dismiss, Plaintiff does not dispute that she failed to file a verified Charge of Discrimination on the EEOC's Form 5; however, she insists that her November 12, 2013 "Intake Questionnaire" constitutes and should be considered a timely charge. After entertaining extensive argument, the Magistrate Judge issued the instant R&R, which concludes that Plaintiff failed to exhaust her administrative remedies because she did not satisfy Title VII's verification requirement. Accordingly, the Magistrate Judge recommends dismissing Plaintiff's Title VII discrimination claims, as well as the related Title VII retaliation claim. The R&R also recommends that this Court decline to exercise supplemental jurisdiction over the remaining state-law claim of promissory estoppel.[6]

Plaintiff now objects to the Magistrate Judge's conclusion that Plaintiff failed to exhaust her administrative remedies under Title VII. Although Plaintiff does not dispute or disagree with the factual background outlined in the R&R, she asserts that the Magistrate Judge's legal conclusion is erroneous for three reasons. First, Plaintiff contends that she was entitled to rely on the EEOC's representation that she had already submitted a charge of employment discrimination. Second, Plaintiff asserts that she should now be afforded the opportunity to submit a verified Form 5, because she was not aware of the fact that her failure to do so would operate as a bar to pursuing her discrimination claims. Third, Plaintiff insists that the Magistrate Judge misapplied the holdings of two applicable Supreme Court decisions. Although Plaintiff's arguments largely overlap, the Court will address Plaintiff's Objections *seriatim*.

---

6. Plaintiff does not specifically object to this portion of the R&R. Accordingly, because the Court concludes that Plaintiff's Title VII claims should be dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law cause of action for promissory estoppel. Additionally, as noted by the Magistrate Judge, Plaintiff has conceded that South Carolina law does not recognize constructive discharge as a discrete cause of action. Therefore, the Court grants Defendants' Motions to Dismiss as to Plaintiff's constructive discharge claim.

### I.     Plaintiff's Reliance on the EEOC's Representation

Plaintiff first objects to the R&R on the basis that Plaintiff should be entitled to rely on the EEOC's representation that she had filed a "charge."  In essence, Plaintiff contends that she did not file the requisite verified Charge of Discrimination because the EEOC indicated that she had already filed such a charge.  Although it does not appear that Plaintiff raised this issue in her briefing below, she now cites and seeks to rely on a letter from an EEOC investigator in support of her argument and objection.

Before commencing a Title VII action in federal district court, a plaintiff must first exhaust her administrative remedies by timely filing a charge of discrimination with the EEOC. *Jones*, 551 F.3d at 300; *see* 42 U.S.C. § 2000e-5(f)(1) (2006).  As noted above, a plaintiff's failure to file such a charge and exhaust her administrative remedies deprives federal courts of subject matter jurisdiction over her Title VII claim.  *Jones*, 551 F.3d at 300.  Among other requirements, this charge "must be in writing and verified under oath or affirmation under penalty of perjury."  *Id.*; *see also* 42 U.S.C. § 2000e-5(b) (2006) ("Charges shall be in writing under oath or affirmation . . . ."); 29 C.F.R. § 1601.9 ("A charge shall be in writing and signed and shall be verified.").  The regulations promulgated by the EEOC regarding Title VII clearly state that "the term verified shall mean sworn to or affirmed before a notary public, designated representative of the Commission, or other person duly authorized by law to administer oaths and take acknowledgements, or supported by an unsworn declaration in writing under penalty of perjury."  29 C.F.R. § 1601.3.  The Fourth Circuit has explicitly held that failing to file a verified charge "is fatal to an action seeking relief under Title VII."  *Balazs v. Liebenthal*, 32 F.3d 151, 156 (4th Cir. 1994); *see also Poteat v. Mack Trucks Inc.*, No. 96-1437, 1997 WL 33117, at *3

7

(4th Cir. Jan. 28, 1997) (per curiam) (unpublished) ("Moreover, the verification requirement is strictly enforced.").

In the present case, Plaintiff acknowledges that she did not submit a verified Charge of Discrimination; however, Plaintiff now points to a December 9, 2013 letter from an EEOC investigator and the statements contained therein as the reason she failed to comply with Title VII's verification requirement. In this letter, which indicates that it "is with reference to [Plaintiff's] recent written correspondence or intake questionnaire," the EEOC investigator stated that "[b]ecause the document that you submitted to us constitutes a charge of employment discrimination, we have complied with the law and notified the employer that you filed a charge." (EEOC Letter 1, ECF No. 43-1). Enclosed with this letter was a copy of a Form 5 summarizing Plaintiff's claims that was prepared by the EEOC and presented for Plaintiff's signature, as well as an EEOC Uniform Brochure, titled "What You Should Know Before You File A Charge With EEOC." (*Id.* at 2). The EEOC investigator's letter also advised Plaintiff that "[b]efore we investigate your charge, . . . you must sign and return the enclosed Form." (*Id.* at 1). Additionally, the letter emphasized that:

> Before we initiate an investigation, we must receive your signed Charge of Discrimination (EEOC Form 5). Please sign and return the charge within thirty (30) days from the date of this letter. Under EEOC procedures, if we do not hear from you within 30 days or receive your signed charge within 30 days, we are authorized to dismiss your charge and issue you a right to sue letter allowing you to pursue the matter in federal court.

(*Id.*). Plaintiff submits that "any plain reading" of this letter indicates that she had already filed a Charge of Discrimination and needed to return the enclosed Form 5 only to "initiate an investigation, not to constitute a formal 'charge'" (Pl.'s Objections 2, 3). Therefore, Plaintiff insists that she had a reasonable right to rely on such a representation and that to hold otherwise would be "patently unfair, illogical[,] and legally erroneous." (*Id.* at 3).

8

Again, it is undisputed that Plaintiff's signature on the Intake Questionnaire "was not verified, *i.e.*, sworn and notarized." *Edelman v. Lynchburg Coll.*, 300 F.3d 400, 402 (4th Cir. 2002). Instead, Plaintiff seems to argue that her failure to satisfy or comply with Title VII's verification requirement should be excused because she was entitled to rely on the EEOC investigator's letter. However, other than decrying, in general terms, the unfairness that would result from the dismissal of her claims in light of this letter, Plaintiff does not present any specific legal or equitable argument for excusing her noncompliance with Title VII's verification requirement.

After careful consideration, the Court concludes that Plaintiff's position—which lacks precision and does not cite any supporting authority—is unavailing in light of precedent. As explained by the court in *Merchant v. Prince George's County, Maryland*, 948 F. Supp. 2d 515 (D. Md. 2013), "[t]he Fourth Circuit's decision in *Balazs* . . . indicates that, unlike Title VII's timeliness requirements, non-compliance with the statute's verification requirement cannot be excused through application of equitable doctrines, even where the EEOC may share blame for the non-compliance." *Id.* at 523; *see also Shorter v. Md. Rural Dev. Corp.*, No. CIV.A. RDB-13-953, 2014 WL 3051492, at *3 (D. Md. July 2, 2014) ("Given the fact that the Fourth Circuit 'strictly observe[s]' the verification requirement, an unverified charge that was never amended by a verified, formal charge is 'simply . . . not enough' to constitute an exhaustion of Plaintiff's administrative remedies." (quoting *Santiago v. Giant Food, Inc.*, No. CIV. A. DKC2000-930, 2001 WL 118628, at *3 (D. Md. Feb. 5, 2001))). Thus, standing alone, Plaintiff's fairness arguments will not suffice to overcome what the Fourth Circuit has deemed "a mandatory prerequisite to the validity of [a] charge." *Balazs*, 32 F.3d at 156.

Notwithstanding the foregoing, the Court has considered Plaintiff's equitable arguments and determined that the equities in this case favor the outcome precedent requires. If Plaintiff were allowed to proceed in the absence of a verified charge, Defendants would be severely prejudiced. *See Edelman*, 300 F.3d at 405. Indeed, waiving the verification requirement in this case would force Defendants to defend Plaintiff's claims on the merits "without having been afforded the opportunity to utilize the less expensive and less burdensome conciliation mechanisms available at the administrative level" under Title VII's statutory scheme. *Merchant*, 948 F. Supp. 2d at 524; *cf. Balazs*, 32 F.3d at 158 (noting that a defendant may be prejudiced when it has to defend itself in court against an unverified charge without having had the opportunity to respond to the charge or resolve the matter through conciliation). On balance, if Plaintiff had pursued her claim diligently and relied to her detriment on the EEOC's representations, it may seem that dismissal would be fundamentally unfair. However, the Court is hesitant to find that Plaintiff's actions and professed intentions—opting not to initiate an investigation, electing not to sign and return the Form 5 prepared by the EEOC, and ignoring the various warnings in the investigator's letter, all in favor of federal court litigation—constitute the diligent pursuit of her claims. *Cf. Dempsey v. Harrison*, 387 F. Supp. 2d 558, 561 (E.D.N.C. 2005) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." (quoting *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)) (internal quotation marks omitted)). Nevertheless, as correctly noted by the court in *Merchant*, "[i]n *Balazs*, . . . the Fourth Circuit did not appear to give any effect to the plaintiff's allegations that the EEOC had misled him into believing that his unsworn letter satisfied his exhaustion requirements." *Merchant*, 948 F. Supp. 2d at 524. Accordingly, to the extent Plaintiff's

Objections to the R&R "could be construed as raising an equitable argument, it must be rejected under existing Fourth Circuit precedent." *Id.*

## II.     Plaintiff's Request to "Cure" Defect by Filing Verified Form 5

Second, Plaintiff objects to the Magistrate Judge's recommended dismissal of her Title VII claims on the grounds that the EEOC should have allowed her to "cure" her failure to file a verified charge. Again emphasizing her reliance on the EEOC investigator's letter and decrying the resulting unfairness, Plaintiff insists that she should have been notified, and permitted to correct, any perceived defect in her "charge" prior to the EEOC issuing a right to sue letter. Moreover, Plaintiff asserts that, "[a]t the very least," the Court should now afford her the opportunity to submit a verified Form 5 "since she was not apprised of the fact that her failure to do so could forever and completely bar her claim." (Pl.'s Objections 5).

Having carefully reviewed the record and the applicable case law, the Court concludes that this argument is without merit and does not warrant extensive discussion. Indeed, the very remedy Plaintiff now requests was explicitly foreclosed by the Fourth Circuit in *Balazs*. 32 F.3d at 157 ("Thus we conclude that a reasonable construction of the EEOC's regulation would simply allow charges to be verified and to relate back only so long as the charge is a viable one in the EEOC's files, but that where, as here, a right to sue letter has issued, a suit has been instituted and the EEOC has closed its file, there is no longer a charge pending before the EEOC which is capable of being amended."); *see also Forehand v. Westinghouse Savannah River Co.*, 187 F.3d 629 (4th Cir. 1999) (describing *Balazs* as holding that "charges may be verified so long as charge remains within jurisdiction of EEOC"); *Lane v. Wal-Mart Stores E., Inc.*, 69 F. Supp. 2d 749, 752 (D. Md. 1999) ("While the *Balazs* court did not apply the regulation because the plaintiff attempted to amend his charge after a right to sue letter had been issued and the lawsuit

11

had been instituted, the court did recognize the application of the regulation to situations in which the claim was still active with the EEOC when the verification was made."). It is true that an unverified but otherwise valid charge can be perfected or "cured" by a subsequently filed verified charge, which would, in turn, relate back to the date of filing of the unverified charge. *See* 29 C.F.R. § 1601.12(b). However, an unverified charge may not be verified once the EEOC has issued a right to sue letter. *See Balazs*, 32 F.3d at 157; *see also Jackson-Brown v. Technical & Project Eng'g Servs., LLC*, No. 1:14-CV-01297-GBL, 2014 WL 7272887, at *9 (E.D. Va. Dec. 17, 2014) ("[A]n EEOC charge may not be amended to provide for verification once a right to sue letter has been issued." (citing *Balazs*, 32 F.3d at 157)). To date, Plaintiff has not submitted any document, verified or not, to the EEOC aside from the Intake Questionnaire. Thus, when the EEOC issued a right to sue letter to Plaintiff on January 28, 2014, the relation-back remedy was no longer available. Therefore, this Court cannot afford Plaintiff the right to "cure" she now requests.

### III.    Plaintiff's Reliance on Supreme Court Cases

Third, Plaintiff objects to the R&R because she contends that the Magistrate Judge misapplied the holdings of two applicable Supreme Court cases: *Federal Express Corp. v. Holowecki*, 552 U.S. 389 (2008), and *Edelman v. Lynchburg College*, 535 U.S. 106 (2002). Critically, Plaintiff does not flesh out or otherwise explain her arguments in this regard.[7]    Instead,

___

7.    According to Plaintiff, the Magistrate Judge "found that Plaintiff's charge was not an actual 'charge' because it was not ultimately reduced to a Form 5 executed by Plaintiff under oath."  (Pl.'s Objections 5).  Referencing *Federal Express Corp. v. Holowecki*, 552 U.S. 389 (2008), and *Edelman v. Lynchburg College*, 535 U.S. 106 (2002), Plaintiff asserts that the Magistrate Judge's purported conclusion "has been expressly rejected by the United States Supreme Court on more than one occasion."  (Pl.'s Objections 5).  It appears to the Court that Plaintiff has misread the R&R.  Indeed, in evaluating the instant Motions to Dismiss, the Magistrate Judge assumed, *arguendo*, that Plaintiff's Intake Questionnaire satisfied, at least in part, *Holowecki*'s "objective test."  (R&R 12). Notwithstanding this assumption, the Magistrate Judge correctly noted that Plaintiff failed to comply with Title VII's verification requirement.  As for *Edelman*, Plaintiff's reliance on this case is misplaced for the reasons detailed above in the context of Plaintiff's second objection.  Stated simply, even assuming *arguendo* that the Intake

12

Plaintiff appears to applaud the R&R's "detailed legal analysis," while submitting that the Magistrate Judge "landed on the wrong side of the coin in applying the holdings in these cases to the facts in the case at bar." (Pl.'s Objections 5). However, after reviewing the R&R and the Supreme Court cases at issue, the Court finds that the Magistrate Judge in fact provided a comprehensive overview of the applicable statutory and case law before carefully analyzing the relevant legal principles and applying them to the facts at hand. More to the point, the Court concludes that the Magistrate Judge correctly applied the holdings of both of the Supreme Court cases referenced by Plaintiff.[8]

\* \* \*

Ultimately, after a comprehensive review of the record and of the applicable law, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law and that Plaintiff's Objections are without merit. For the reasons outlined above, and explained in greater detail in the R&R, the Court concludes that Plaintiff failed to exhaust her administrative remedies under Title VII.[9] Accordingly, the Court grants

---

Questionnaire could be considered an otherwise valid charge, Plaintiff did not file a verified charge that that would or could relate back to her submission of the Intake Questionnaire.

8. Plaintiff also includes two separate, unrelated arguments in her final objection; however, neither warrant extensive discussion. First, Plaintiff insists that the underlying goals of Title VII and its corresponding regulations have been met in this case. Yet, where Plaintiff has failed to comply with the explicit requirements of Title VII, this policy argument is unavailing. Moreover, it is important to note that one such goal of Title VII is tied directly to the verification requirement, which has the "object of protecting employers from the disruption and expense of responding to a claim unless a complainant is serious enough and sure enough to support it by oath subject to liability for perjury." *Edelman*, 535 U.S. at 113. Second, Plaintiff asserts that the facts of the present case are distinguishable from those in *Balas v. Huntington Ingalls Industries*, 711 F.3d 401 (4th Cir. 2014), a case Plaintiff claims the Magistrate Judge "relies on heavily in reaching its legal conclusions." (Pl.'s Objections 6). However, with the exception of the occasional reference or citation, the Magistrate Judge discusses *Balas* following seven pages of analysis and only after concluding that Plaintiff did not satisfy Title VII's verification requirement and recommending dismissal. Therefore, because *Balas* was not essential to the Magistrate Judge's recommendation and does not disturb this Court's independent determination, the Court declines to address this argument.

9. As noted by the Magistrate Judge, Plaintiff conceded below that her Title VII retaliation claim is derivative of her discrimination claims such that dismissal would be warranted if this Court concludes that it is without jurisdiction to consider her other Title VII claims. Therefore, having determined that Plaintiff's failure to exhaust her administrative remedies deprives this Court of jurisdiction to consider her Title VII discrimination claims, the Court likewise concludes that Plaintiff's retaliation claim shall be dismissed.

Defendants' Motions to Dismiss. In doing so, the Court adopts the Magistrate Judge's R&R and fully incorporates it into this Order.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R&R. Accordingly, it is **ORDERED** that Defendants' Motions to Dismiss is **GRANTED** with respect to Plaintiff's Title VII discrimination and retaliation claims, as well as her constructive-discharge claim. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law cause of action for promissory estoppel. It is **THEREFORE ORDERED** that Plaintiff's remaining state-law claim is **DISMISSED WITHOUT PREJUDICE**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**March 9, 2015**
**Charleston, South Carolina**

14